UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC. and
MERLOT TARPAULIN AND
SIDEKIT MANUFACTURING CO., INC.,

    Plaintiffs,

vs.                                                                                    Case No. 02-73543

DEMONTE FABRICATING LTD. and                     HON. AVERN COHN
QUICK DRAW TARPAULIN SYSTEMS, INC.,

    Defendants.

_____/

**ORDER STAYING FURTHER PROCEEDINGS**

      This is a patent case tried to a jury. Plaintiffs Sundance, Inc. and Merlot Tarpaulin and Sidekit Manufacturing Company, Inc. (collectively, Sundance), holder of U.S. Patent No. 5,026,109 (the '109 patent) covering a Segmented Cover System, sued DeMonte Fabricating, Ltd. and Quick Draw Tarpaulin Systems Inc. (collectively, DeMonte) for infringement of the '109 patent. The case was tried to a jury. The jury found the patent invalid and infringed.

      Sundance moved for judgment as a matter of law, or in the alternative, for a new trial on the finding of invalidity. The Court granted the motion, finding the patent valid. DeMonte has moved for reconsideration. Also pending before the Court is DeMonte's motion for summary judgment on inequitable conduct. Meanwhile, the '109 patent is the subject of a second re-examination before the United States Patent Office (USPTO).

      The Court has the inherent power to control and manage its docket, which

includes the authority to order a stay pending the outcome of reexamination proceedings in the USPTO. See Gould v. Control Laser Corp., 705 F.2d 1340 (Fed. Cir. 1983); Ethicon v. Quigg, 849 F.2d 1422, 1426 (Fed. Cir.1988). In determining whether to stay litigation pending reexamination by the USPTO, courts generally consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." Xerox Corp. v. 3 Comm Corp., 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)(citations omitted).

Consideration of the relevant factors under the circumstances, particularly as expressed at the status conference on October 3, 2006, weighs in favor of a stay. Accordingly, all proceedings in this case are STAYED until further order of the Court.

SO ORDERED.

Dated: October 3, 2006          s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, October 3, 2006, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                Case Manager, (313) 234-5160