UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC., and
MERLOT TARPAULIN AND SIDEKIT
MFG. CO., INC.,

       Plaintiffs,

-vs-

       Case No. 02-73543
       Hon. AVERN COHN

DE MONTE FABRICATING, LTD.;
QUICK DRAW TARPAULIN SYSTEMS,
INC. and WALTER DE MONTE,

       Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
## REGARDING INEQUITABLE CONDUCT

I.

This is a patent case involving U.S. Patent No. 5,026,109 (the '109 patent), Segmented Cover Systems. The background of the case is described in the (1) Decision on Claim Construction, filed November 18, 2003, (2) Joint Pretrial Statement, filed April 4, 2006, (3) Memorandum and Order Granting Plaintiffs' Motion for Judgment as a Matter of Law or For a New Trial, filed September 20, 2006, and (4) the current posture of the case as described in the Scheduling Order, filed November 27, 2006.

Before the Court is defendants' motion for partial summary judgment, filed July 5, 2006, on the grounds that the patent applicants "committed inequitable conduct at the U.S. Patent and Trademark Office (PTO) during reexamination of the '109 patent,

rendering the patent unenforceable." For the reasons which follow, the motion is DENIED.

## II.

### A.

To prove that a patent is unenforceable due to inequitable conduct, the alleged infringer must provide clear and convincing evidence of (1) affirmative misrepresentations of a material fact, failure to disclose material information, or submission of false material information and (2) an intent to deceive. <u>Alza Corp. v. Mylan Labs., Inc.</u>, 391 F.3d 1365, 1373 (Fed. Cir. 2004).

### B.

Essentially, defendants argue that plaintiffs made factually and legally baseless arguments to persuade the examiner to withdraw a prior art-based rejection of the patent claims during a reexamination of the '109 patent.

A review of the record during the two (2) reexaminations to which the '109 patent were subject to by the PTO belie this assertion.

The essential steps in the first reexamination were as follows:

> December 13, 2002 - Defendants filed an <u>Ex parte</u> Request for Reexamination
>
> February 11, 2003 - Defendants' request for reexamination granted
>
> July 19, 2004 - Office Action on Reexamination, rejecting claims 1-6, 10, 13-16, and 18-20
>
> August 11, 2004 - Applicant has <u>ex parte</u> personal interview with examiner
>
> August 31, 2004 - Applicant submitted a formal Amendment

>April 15, 2005 - Applicant's counsel had telephone interview with examiner during which examiner accepted applicant's argument regarding patentability of claims 1-13
>
>July 6, 2005 - PTO issued a Notice of Intent to Issue *Ex Parte* Reexamination Certificate, confirming patentability of claims

The essential steps in the second reexamination were as follows:

>July 5, 2005 - Defendants' Second Request for *Ex Parte* Reexamination (made while first reexamination was pending)
>
>August 3, 2005 - PTO Order Denying Second Request for Reexamination
>
>September 6, 2005 - Defendants filed a Petition Under 37 CFR 1.515(e) (request for reconsideration of denial of second reexamination)
>
>February 28, 2006 - Reexamination Certificate Issued resulting from first reexamination
>
>April 28, 2006 - PTO letter granting defendants' petition for review of August 3, 2005 Order Denying Second Request for Reexamination
>
>July 28, 2006 - Office Action on *Ex Parte* Reexamination, rejecting certain of the claims
>
>October 28, 2006 - PTO issued Notice of Intent to Issue Ex Parte Reexamination Certificate, affirming the claims

Based on the above, it is clear that defendants had and took advantage of the opportunity to apprise the PTO of their views regarding the errors in the patent owner's arguments in favor of patentability. Indeed, defendants pointed out to the examiner that "The Patent Owner's Concocted Argument of Non-Analogous Art [is] Blatantly False and Misleading Given the Patent Disclosure, the State of the Certificate and Long Standing Law. . . ." Defendants had a rather unusual opportunity, through two reexaminations, in which to persuade the PTO that the claims were unpatentable in light

of the prior art and plaintiffs' alleged manipulation regarding the prior art.

While the examiner was initially persuaded as to the merit of defendants' arguments against patentability, these arguments were ultimately rejected as reflected in the Notice of Intent of October 28, 2006.

Given the action of the PTO in finding "patentability and/or confirmation" of the claims in suit after being made aware of all the arguably relevant prior art, it cannot be said that the patent owner engaged in inequitable conduct before the PTO rendering the '109 patent unenforceable.

SO ORDERED.

        s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  November 30, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 30, 2006, by electronic and/or ordinary mail.

        s/Julie Owens
Case Manager, (313) 234-5160