UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SUNDANCE, INC. and
MERLOT TARPAULIN AND
SIDEKIT MANUFACTURING CO., INC.,

       Plaintiffs,

vs.                                     Case No. 02-73543

DEMONTE FABRICATING LTD. and         HON. AVERN COHN
QUICK DRAW TARPAULIN SYSTEMS, INC.,

       Defendants.

_____/

## MEMORANDUM AND ORDER
## DENYING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION[1]

I. Introduction

    This is a patent case.  Plaintiffs Sundance, Inc. and Merlot Tarpaulin and Sidekit

Manufacturing Company, Inc. (collectively, Sundance), holder of U.S. Patent No.

5,026,109 (the '109 patent) covering a Segmented Cover System, sued DeMonte

Fabricating, Ltd. and Quick Draw Tarpaulin Systems Inc. (collectively, DeMonte) for

infringement of the '109 patent.

    The case was tried to a jury.  The jury found the patent invalid and infringed.  The

Court set aside the jury's verdict on invalidity.  Before the Court is Sundance's Motion

for Permanent Injunction.  For the reasons that follow, the motion is DENIED.

─────────────────

[1]The Court originally scheduled this matter for hearing.  Upon review of the
parties' papers, however, the Court finds that oral argument is not necessary.  See E.D.
Mich. LR 7.1(e)(2).

II.  Background

The background of the patent and the case is well known to the parties and will

not be repeated.  <u>See</u> Decision on Claim Construction, filed November 18, 2003, Joint

Pretrial Statement, filed April 4, 2006, Memorandum and Order Granting Plaintiffs'

Motion for Judgment as a Matter of Law or For a New Trial, filed September 20, 2006.

Background facts relevant to the instant motion follow.

The '109 patent issued in 1991.  Also in 1991, DeMonte began manufacturing

and marketing rolling tarp systems for use on flatbed trailers which used a one-piece

tarp.  In 1993, DeMonte switched to a segmented tarp systems.  In 1997, DeMonte

began manufacturing and marketing the Quick Draw system.

In 2001, Sundance filed suit against DeMonte claiming that the Quick Draw

system infringes the '109 patent.

Sundance seeks a permanent injunction against DeMonte which prevents it, and

all persons in active concert with it, from:

    1.     making, using, selling, offering for sale, and/or importing retractable
             segmented cover systems used with a truck trailer, defined as: (1) the
             Quick Draw system found infringing by the jury in Verdict Question 1;
             and/or (2) insubstantially different retractable segmented cover systems
             used with a truck trailer; or
    2.     otherwise infringing, inducing infringement of, or contributorily infringing
             U.S. Patent No. 5,026,109.

The '109 patent expires in three years.

Sundance has licensed the '109 patent to companies that compete with

DeMonte.

III.  Analysis

A.  Legal Standard

The Supreme Court recently made clear that when considering whether to award permanent injunctive relief to a prevailing plaintiff in a patent infringement dispute, courts should apply the traditional four-factor test used by courts of equity.  See eBay, Inc. v. MercExchange, LLC, --- U.S. ----, ----, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006).  The prevailing plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  Id.  The Supreme Court held "the decision whether to grant or deny injunctive relief rests within the equitable discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards."  Id. at 1841.  For a further discussion of eBay, see Wendy R. Stein, The Supreme Court eBay Decision: Eliminating Special Rules in Patent Cases, 13 Intell. Prop. Today 18 (Oct. 2006).

B.  Application

1.  Irreparable harm

Sundance says that it will suffer irreparable harm in the absence of issuance of an injunction because DeMonte competes with Sundance's licensees who have been placed at a competitive disadvantage due to DeMonte's infringing sales.  Essentially, Sundance says that the nature of the marketplace for tarp systems for trucks is such

3

that an injunction is required.  This argument is not persuasive.  Not only did Sundance
delay in filing suit and seeking injunctive relief, the market for tarp systems contains
many other competitors and non-segmented cover systems have a larger percentage
over segmented systems.  Moreover, as DeMonte points out, the segmented cover is
but one feature of its Quick Draw system.  Thus, it cannot be said that Sundance's
licensees are losing sales to DeMonte expressly because of its infringement of the
segmented cover.  It is possible that lost sales are due to a desire for other features of
the Quick Draw system or are sales lost to other competitors in the marketplace.
Sundance simply cannot tie alleged lost sales to the nature of DeMonte's infringement.[2]

2.  Adequacy of Remedies Available at Law

Sundance says that money damages are not adequate again because of the
nature of the competition between DeMonte and Sundance's licensees.  This fact does
not establish an inadequate remedy at law.  Indeed, Sundance licenses the '109 patent
to others, and offered to license it to DeMonte prior to filing suit against it, thus
demonstrating that money damages are adequate.  Their conduct against DeMonte and
others (Aero) indicates an interest only in obtaining money damages against accused
infringers.

3.  Balance of Hardships

Sundance says that the hardships weigh in its favor because it has endured a

---

[2]The question of DeMonte's infringement is still open.  First, damages have yet to
be determined and are the subject of another trial and cross motions for partial
summary judgment on the issue of laches  Second, DeMonte has filed a motion for
judgment as a matter of law seeking to set aside the jury's verdict.  Although Sundance
has yet to file a response, it appears that the motion is not without its difficulties.

4

trial and protracted reexamination proceedings and now has a verdict in their favor.
DeMonte, however, says that it will suffer hardship if an injunction is entered, which
would affect it ability to compete with other tarp manufacturers and could force it out of
business.  Under these circumstances, the balance of harms favors DeMonte.

4.  Public Interest

Although the public has an interest in redressing infringement, due to the fact that
a injunction would harm third parties (DeMonte's employees and customers) and given
the nature of the marketplace, this factor does not weigh in Sundance's favor.

SO ORDERED.


      s/Avern Cohn                  
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  January 4, 2007


I hereby certify that a copy of the foregoing document was mailed to the parties of
record on this date, January 4, 2007, by electronic and/or ordinary mail.


      s/Julie Owens                  
Case Manager, (313) 234-5160