UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC., and
MERLOT TARPAULIN AND SIDEKIT
MFG. CO., INC.,

    Plaintiffs,

-vs-

Case No. 02-73543
HON. AVERN COHN

DE MONTE FABRICATING, LTD.;
QUICK DRAW TARPAULIN SYSTEMS,
INC. and WALTER DE MONTE,

    Defendants.

_____/

# MEMORANDUM AND ORDER
# DENYING DEFENDANTS' RENEWED MOTION FOR
# RECONSIDERATION[1]

I.

This is a patent case. Before the Court is defendants' Renewed Motion for Reconsideration of the Memorandum and Order Granting Plaintiffs' Motion for Judgment as a Matter of Law or for a New Trial (Memorandum), filed September 20, 2006, in which the Court set aside the finding of invalidity of the '109 Patent. The Memorandum reviewed the jury's finding of invalidity of U.S. Patent No. 5,026,109 (the '109 Patent) on the grounds of obviousness. As stated in the Memorandum, "[b]ased on the evidence at trial, reasonable minds could not differ that the invention [or of the '109 patent] was not obvious and therefore the patent is valid." Memorandum at p. 11.

---

[1]Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

Defendants filed a motion for reconsideration, which was denied. See Order filed December 12, 2006.

By the instant motion, defendants again ask the Court to reconsider its decision based on the Supreme Court's recent decision in KSR International Co. v. Teleflex, Incorporated, 550 U.S. ___ (2007), in which the high court rejected what it characterized as a rigid application of the "teaching, suggestion or motivation" test in assessing obviousness as a grounds for holding a patent invalid. For the reasons which follow, the motion is DENIED.

II.

A.

Notwithstanding that the time has long passed under the local rules for the filing of a motion for reconsideration, much less whether the local rules provide for a renewed motion for reconsideration, given the attention that is being paid to the decision in KSR, the Court has given plenary consideration to Defendants' motion.

B.

As explained in the Memorandum of May 3, 2007 from the Deputy Commissioner for Patent Operations to Technology Center Director in the United States Patent and Trademark Office regarding the KSR decision:

> ...The Court noted that the analysis supporting a rejection
> under 35 U.S.C. §103(a) should be made explicit, and that it
> was "important to identify a reason that would have
> prompted a person of ordinary skill in the relevant field to
> combine the [prior art] elements" in the manner claimed.
> The Court specifically stated:
>
>> Often, it will be necessary. . .to look to interrelated
>> teachings of multiple patents; the effects of demands

> known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an **apparent reason** to combine the known elements in the fashion claimed by the patent at issue. To facilitate review, this analysis **should be made explicit**.

KSR, slip op. at 14 (emphasis added).

Therefore, in formulating a rejection under 35 U.S.C. §103(a) based upon a combination of prior art elements, it remains necessary to identify the reason why a person of ordinary skill in the art would have combined the prior art elements in the manner claimed.

The thrust of Defendants' motion is best described in Plaintiffs' Response to Defendants' Renewed Motion for Reconsideration [etc]:

> The defects alleged in this second reconsideration motion are (I) the "strict" application of the TSM test (Brief p. 3); the Court's "emphasis" on the invention being for use of tarps on trucks (pp. 6-7); "no evidence" of secondary considerations (p.7) and the ultimate conclusion of obviousness (p. 11). Plaintiffs' review concludes that no such defects are present in the Court's Order and would not result in a different outcome, even if present.

It is clear from a careful read of the Court's decision in finding a lack of proof of invalidity in the trial record the Court did not apply a rigid application of the "teaching, suggestion and motivation test." Rather, it found that there simply was nothing in the record to conclude that a person skilled in the art would combine Hall and Cramaro (the prior art references relied on by defendants) to come up with the segmented tarp used for truck covers, the invention of the '109 patent. Additionally, as the Court found, there was a long-felt need to eliminate the problems associated with a one-tarp system. Defendants confirmed this need: their idea for using a segmented tarp came from

3

observation of the invention of the '109 Patent reduced to practice. In short, the Court's analysis was not inconsistent with KSR.

C.

To find the '109 Patent invalid for obviousness, Defendants must have established by clear and convincing that one skilled in the art would combine Hall and Cramaro. The fact that the jury was convinced of invalidity was not conclusive. The Court, in fulfilling its oversight role, has thrice now determined that the invention of the '109 Patent was non-obvious as of June 25, 1991.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: June 7, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, June 7, 2007, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160