UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC., and
MERLOT TARPAULIN AND SIDEKIT
MFG. CO., INC.,

       Plaintiffs,

                                     Case No. 02-73543
-vs-                                  HON. AVERN COHN

DE MONTE FABRICATING, LTD.;
QUICK DRAW TARPAULIN SYSTEMS,
INC. and WALTER DE MONTE,

       Defendants.

_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON THE ISSUE OF INEQUITABLE CONDUCT

This is a patent case involving U.S. Patent No. 5,026,109 (the '109 patent). On August 15, 2007, following oral argument, the Court granted plaintiffs' motion for partial summary judgment on the issue of inequitable conduct. This memorializes the order as well as comments on the reasons for granting the motion in addition to what the Court said from the bench.

Defendants raised inequitable conduct as a defense and later moved for summary judgment on the issue, contending that plaintiffs "committed inequitable conduct at the U.S. Patent and Trademark Office (PTO) during reexamination of the '109 patent, rendering the patent unenforceable." Plaintiffs did not file a cross motion. On November 30, 2006, the Court issued a Memorandum and Order Denying Defendants' Motion for Partial Summary Judgment Regarding Inequitable Conduct. In

the Memorandum, the Court said in part:

> . . . Defendants had a rather unusual opportunity, through two examinations, in which to persuade the PTO that the claims were unpatentable in light of the prior art and plaintiffs alleged manipulation regarding the prior art.
> . . .
> Given the actions of the PTO in finding "patentability and/or confirmation" of the claims in suit after being made aware of all the arguably relevant prior art it cannot be said that the patent owner engaged in inequitable conduct before the PTO rendering the '109 patent unenforceable.

Memorandum at p. 3-4.

The only change in the chain of events described in the Memorandum is that on May 1, 2007, an *Ex Parte* Reexamination Certification issued.

The Court has again reviewed the record, paying particular attention to Defendants' recital of what they say are the disputed factual issues requiring a trial. Whatever the deficiencies in the manner in which plaintiffs dealt with the Patent Office in the application for the patent-in-suit and in the two (2) reexaminations, defendants were aware of them and had ample opportunity to make known their views of what were plaintiffs' acts of misconduct.

As noted in the Office Action of July 7, 2006:

> The third party requestor is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of the reexamination proceeding. See MPEP §§2207, 2282 and 2286.

In denying defendants' motion for partial summary judgment, the Court found that its claim of inequitable conduct had no merit. It logically follows that there is no genuine issue of material fact as to whether or not there was non-disclosure or a misrepresentation that was material and that the plaintiffs acted with the intent to

2

deceive the Patent Office.

Accordingly, plaintiffs' motion for summary judgment on the issue of inequitable conduct is GRANTED and the claim is DISMISSED.

SO ORDERED.

       s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: August 20, 2007

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, August 20, 2007, by electronic and/or ordinary mail.

       s/Julie Owens
      Case Manager, (313) 234-5160