UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC., and
MERLOT TARPAULIN AND SIDEKIT
MFG. CO., INC.,

      Plaintiffs,

-vs-                                        Case No. 02-73543
                                            Hon: AVERN COHN

DE MONTE FABRICATING, LTD.;
QUICK DRAW TARPAULIN SYSTEMS,
INC. and WALTER DE MONTE,

      Defendants.
_____/

## ORDER GRANTING MOTION FOR PREJUDGMENT INTEREST

I.

This is a patent case. On May 21, 2007, a jury awarded plaintiffs damages for defendants' infringement as follows:

    September 4, 1996 to December 31, 2001:    $259,958.10
    January 1, 2002 to January 31, 2007:       $904,488.60

A partial judgment in plaintiffs favor in the amount of the awards was entered on May 21, 2007.

Now before the Court is plaintiffs' Motion for Prejudgment Interest Under 35 U.S.C. §284.[1] For the reasons that follow, the motion will be granted.

---

[1] Prejudgment interest in a patent case is governed by 35 U.S.C. § 284 and the case law relating thereto, a point unfortunately not fully appreciated by the parties in their papers. See generally, Herbert F. Schwartz, Patent Law and Practice, §8.VI. (5th Ed. 2006).

II.

The Court has considered the award of prejudgment interest under 35 U.S.C. § 284 and has exercised its discretion to require only simple interest. See Bott v. Four Star Corp., 229 U.S.P.Q. 241, 250 (E.D. Mich.1985), aff'd in part and rev'd in part, 807 F.2d 1567 (Fed. Cir. 1986) (awarding prejudgment interest at the prime rate plus one-half (1/2%) percent for each of the years in which infringing sales were made at simple interest. The Court has adhered to this formula over the years; see also Order on Prejudgment Interest entered August 14, 2000 in Vulcan Engineering Co., Inc. v. Fata Aluminum, Inc., Case No. 98-74495 (E.D. Mich. 2000) (Exhibit A attached). Likewise, plaintiffs here are entitled to prejudgment interest from the date suit was filed to the date of the partial judgment referenced above at the prime rate plus one-half (1/2%) percent simple interest computed annually. The parties should be able to reach agreement on the actual amount. If they are unable to agree, plaintiffs shall present an appropriate order and notice.

It would be unreasonable, however, to award plaintiffs prejudgment interest on the damages awarded for infringing sales prior to the date they filed suit in this Court. The Court is mindful of the impact of the award of prejudgment interest on defendants' financial condition. This condition, however, is not a basis for denying plaintiffs any prejudgment interest. Further, there is no justification for withholding an award of prejudgment interest.

III.

Accordingly, plaintiffs' motion for prejudgment interest is GRANTED, as limited above.

SO ORDERED.

                                 s/Avern Cohn
                                 AVERN COHN
                                 UNITED STATES DISTRICT JUDGE

Dated: September 12, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 12, 2007, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                 Case Manager, (313) 234-5160