UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC., and
MERLOT TARPAULIN AND SIDEKIT
MFG. CO., INC.,

       Plaintiffs,

-vs-

DE MONTE FABRICATING, LTD.;
QUICK DRAW TARPAULIN SYSTEMS,
INC. and WALTER DE MONTE,

       Defendants.
_____/

Case No. 02-73543
Hon: AVERN COHN

## MEMORANDUM AND ORDER
## DENYING DEFENDANTS' MOTION UNDER FED. R. CIV. P. 59(e)

I.

A.

This is a patent case involving U.S. Patent No. 5,026,109, Segmented Cover System, Claim 1 being the paradigm claim. The complaint was filed on September 4, 2002. As of this date, it has generated 273 docket entries. The Court has made at least thirteen (13) substantive decisions. On May 1, 2006, the jury found Claim 1 of the patent invalid and infringed. Both parties vigorously challenged the verdict with post-trial motions. As will be explained, the instant motion is defendants' third attempt to overturn the jury's infringement verdict.

During the pendency of this case, the patent-in-suit was the subject of two (2) reexamination proceedings initiated by defendants. In both, Claim 1 was found

patentable. During the course of the second reexamination proceeding on August 25, 2006, plaintiffs filed a response to an Office Action filed July 28, 2006, rejecting Claim 1 as invalid. A copy of the response was sent to defendants.

With regard to post-trial motions, on September 20, 2006, the Court granted plaintiffs' motion for a judgment as a matter of law that Claim 1 was valid. On November 27, 2006, the Court entered an Amended Judgment In A Civil Case adjudging Claim 1 valid. On December 12, 2006, the Court denied defendants' motion for reconsideration on validity.

B.

Defendants first challenged the jury's infringement finding in a motion for judgment as a matter of law.[1] The Court denied the motion on April 25, 2007. Defendants filed a motion for reconsideration based on the Supreme Court's decision in KSR International Co. v. Teleflex, Inc., 127 S.Ct. 1727 (2007), which was denied on May 8, 2007.

On August 21, 2007, following a second jury trial on damages, defendants filed the instant motion styled Defendants' Motion Pursuant To Rule 59(e) And The Court's Inherent Authority For Judgment As A Matter Of Law Or A New Trial On Infringement in which they assert:

(1) Plaintiffs altered the construction of the term "independent" in Claim 1 in their August 25, 2006 response.

(2) The accused Quick Draw System does not have a drive assembly as

---

[1]The parties dispute whether the motion was procedurally proper.

required by Claim 1.

The motion is DENIED. The reasons follow.

## II.

### A.

A Rule 59(e) motion must be filed within ten (10) days of the entry of judgment. While no final judgment has been entered, the grounds on which the motion is based were known to defendants when they received plaintiffs' response to the Office Action of July 28, 2006. Defendants had multiple opportunities to raise the issue of a change in construction prior to August 21, 2007, and did not do so.

Defendants' motion is effectively a motion for reconsideration, which is not a proper basis for a Rule 59(e) motion. As explained in Nagle Ind., Inc. v. Ford Motor Co., 175 F.R.D. 251, 254 (E.D. Mich. 1997):

> Motions to alter or amend, brought pursuant to Fed. R. Civ. P. 59(e), "are entrusted to the Court's sound discretion." Keweenaw Bay Indian Community v. United States, 940 F.Supp. 1139, 1140 (W.D. Mich. 1996) (citing Huff, 675 F.2d at 122). Rule 59(e) motions are generally granted for three reasons:
>
>> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or (3) necessity to correct a clear error of law or prevent manifest injustice.
>
> Keweenaw Bay, 940 F.Supp. At 1141 (footnote and citation omitted). Such motions, however, are "not intended as a vehicle to relitigate previously considered issues"; "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence"; and are not the proper vehicle to attempt to obtain a reversal of a judgment "by offering the same arguments previously

3

presented." Id. (Citations omitted).²

As such, the motion can be denied for failure to satisfy the grounds for a Rule 59(e) motion.

B.

Even assuming the motion was properly before the Court, it fails for lack of merit. First, the drive assembly argument has previously been dealt with by the Court in the Memorandum and Order Denying Defendant's [sic] Motion for Judgment as a Matter of Law Regarding Infringement, filed April 25, 2007.

As to the construction of the term "independent," the Court initially interpreted "independent" with defendants' agreement to mean:

> any one cover section can be removed from the cover system without removing any other cover section

In the Office Action of July 28, 2006 the examiner said:

> It would have been obvious for one of ordinary skill in the art at the time of the invention to have modified the apparatus of Hall by utilizing bows shaped to allow individual panels to be removed, as shown by Folkes, as this would make replacement of damaged panels easier and more efficient in that adjacent panels would not be disturbed. Alternatively, rather than suggesting the actual replacement of the bows, Folkes can also be considered as simply teaching the general concept of the desirability of independently replacing individual panels, in which case it would have been obvious to modify the cover plates of Hall by constructing them as two pieces, thus one end of each panel could be removed without disturbing the corresponding end of the adjacent

---

²Similarly, under Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a motion for reconsideration should be granted if movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. However, a motion that merely presents the same issues already ruled upon by the court shall not be granted.

4

panel.

In the patent owner's response, plaintiffs said:

> Put simply, an attempt to substitute the channel-shaped rib 13 of Folkes for the U-shaped frame 12 of Hall would make replacing a cover section 94, 95 extremely difficult and extraordinarily inefficient, if even possible. The entire canopy structure would collapse because the cables used to support the frames 12 are no longer in tension. (It should be noted that under these conditions removing a single cover section cannot occur independently - i.e., without disturbing any other cover section.) This very problem is why the Hall canopy structure utilizes the removable cover plate 89. The cover plate 89 can be popped off a single frame member 12 without requiring disassociating the frame member from the channel 100 or releasing any of the cables 24, 26, 28 or 30. This simple cover plate construction is necessary to preserve the integrity and support of the nonadjacent frame members of the canopy structure.

Based on this exchange defendants argue:

> Thus, several months after trial and as part of the Second Reexamination, plaintiffs redefined the term "independent" to require a new, more restrictive construction of the term that requires that any one cover section be removable from the cover system "without <u>disturbing</u> any other cover section," (Ex. 7(8/25/06 Amend. In 2d Reexam.) at 6 (emphasis added)), rather than merely "without <u>removing</u> any other cover section," as plaintiffs had successfully argued to the Court (Ex. 1 (11/18/03 Order) at 27-28 (emphasis added)).

Using the allegedly "more restrictive construction," defendants go on to argue that their Quick Draw System does not infringe Claim 1.

Defendants' assertion that plaintiffs narrowed the construction of Claim 1 lacks merit. As stated in plaintiffs' response:

> No suggestion was made by the Examiner that he was re-construing the Court's construction of the term "independent." It would seem rather obvious to take the Examiner's statement that the result of Hall's removal of the

5

> single cover plate for removal of one cover section from its groove will result in the adjacent cover being removed as well; thus "disturbing" the other cover section. Defendants' attributing this statement of a physical truism as proof that the Examiner changed the construction of the term "independent" stretches the bounds of credibility. The Examiner's statement made no change in the construction of the term "independent" as construed by the Court.
>
> Defendants then represent to the Court that Plaintiffs "adopted that construction, arguing that the term 'independent' should be defined as 'without disturbing any other cover section." (Defendants' Brief, p. 2.) A simple reading of Plaintiffs' response to the PTO (DX 7) shows, Plaintiffs did not adopt Defendants' concocted re-construing of the claims as represented by Defendants. Rather the plaintiffs were merely meeting the language of the rejection, that was then withdrawn.

Plaintiffs did not narrow the construction of the term "independent." The construction of "independent" as interpreted by the Court was the basis of the jury's finding of infringement. Simply stated, defendants are asking the Court for a third time to reverse the jury's finding of infringement. It declines to do so.

SO ORDERED.

                                  s/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE

Dated: September 19, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 19, 2007, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5160