UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC., and
MERLOT TARPAULIN AND SIDEKIT
MFG. CO., INC.,

    Plaintiffs,

-vs-                                            Case No. 02-73543
                                             Hon: AVERN COHN

DE MONTE FABRICATING, LTD.;
QUICK DRAW TARPAULIN SYSTEMS,
INC. and WALTER DE MONTE,

    Defendants.
_____/

## ORDER AWARDING PREJUDGMENT INTEREST

This is a patent case. On May 21, 2007, a jury awarded plaintiffs damages for defendants' infringement as follows:

    September 4, 1996 to December 31, 2001:    $259,958.10
    January 1, 2002 to January 31, 2007:        $904,488.60

A partial judgment in plaintiffs favor in the amount of the awards was entered on May 21, 2007. Plaintiffs filed a Motion for Prejudgment Interest Under 35 U.S.C. §284. The Court granted the motion, stating:

> . . . plaintiffs here are entitled to prejudgment interest from the date suit was filed to the date of the partial judgment referenced above at the prime rate plus one-half (1/2%) percent simple interest computed annually. The parties should be able to reach agreement on the actual amount. If they are unable to agree, plaintiffs shall present an appropriate order and notice.
> *It would be unreasonable, however, to award plaintiffs prejudgment interest on the damages awarded for infringing sales prior to the date they filed suit in this Court.* The Court is mindful of the impact of the award of prejudgment interest on defendants' financial condition. This condition, however, is not a basis for denying plaintiffs any prejudgment interest. Further, there is no

justification for withholding an award of prejudgment interest.

Order Granting Prejudgment Interest, filed September 12, 2007 (emphasis added).

Thereafter, the parties filed a Joint Submission Re Prejudgment Interest. Although the parties agree on the method of calculation, they disagree on the proper interpretation of the Court's statement, emphasized above, that "[i]t would be unreasonable, however, to award plaintiffs prejudgment interest on the damages awarded for infringing sales prior to the date they filed suit in this Court." Plaintiffs interpret the statement "as limiting when interest is to be applied, but not as a limitation on the royalty amount, i.e., on the date suit was filed interest would start on pre-suit royalties." Joint Submission at p. 1. Defendants, however, say that the "Court intended to award prejudgment interest only on damages for sales made after plaintiffs filed the complaint." Id. at p. 2. Defendants' interpretation is correct.

Accordingly, the Clerk shall enter an Amended Judgment, awarding plaintiffs prejudgment interest to date in the amount of $146,408.41 ($145,438.01 as of September 28, 2007 plus $194.08 per day).

SO ORDERED.


Dated: October 4, 2007      s/Avern Cohn
                                                      AVERN COHN
                                                      UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 4, 2007, by electronic and/or ordinary mail.

                                                       s/Julie Owens
                                                     Case Manager, (313) 234-5160