UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC. and
MERLOT TARPAULIN AND
SIDEKIT MANUFACTURING CO., INC.,

    Plaintiffs,

vs.                                                                                                  Case No. 02-73543

DEMONTE FABRICATING LTD. and                                              HON. AVERN COHN
QUICK DRAW TARPAULIN SYSTEMS, INC.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION**

I.  Introduction

This is a patent case. Plaintiffs Sundance, Inc. and Merlot Tarpaulin and Sidekit Manufacturing Company, Inc. (collectively, Sundance), holder of U.S. Patent No. 5,026,109 (the '109 patent) covering a Segmented Cover System, sued DeMonte Fabricating, Ltd. and Quick Draw Tarpaulin Systems Inc. (collectively, DeMonte) for infringement of the '109 patent.

The case was tried to a jury in two phases, liability and damages. After jury verdicts and several rounds of post-trial motions, the Court entered a judgment of infringement and awarded damages in favor of Sundance. Before the Court is Sundance's motion for a permanent injunction. The Court held a hearing on October 17, 2007. For the reasons that follow, Sundance's motion is GRANTED. An injunction shall issue as contained in the Final Judgment entered simultaneous with this order.

II.  Background

Previously, after the conclusion of the liability trial, Sundance moved for an injunction.  The Court denied the motion.  See Order filed January 4, 2007.  Sundance now says that changed circumstances, particularly (1) the award of damages, (2) statements from DeMonte which call into question its solvency, and (3) DeMonte's alleged use of a "new" system which Sundance says is insubstantial from the infringing system, justify injunctive relief.  DeMonte says that Sundance's motion simply rehashes the arguments previously considered and rejected by the Court in denying the prior motion for an injunction.  DeMonte also says that Sundance is improperly attempting to reach its new tarp system via an injunction where there has been no determination as to whether the new system infringes.

III.  Analysis

A.  Legal Standard

The Supreme Court recently made clear that when considering whether to award permanent injunctive relief to a prevailing plaintiff in a patent infringement dispute, courts should apply the traditional four-factor test used by courts of equity.  See eBay, Inc. v. MercExchange, LLC, --- U.S. ----, ----, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641 (2006).  The prevailing plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  Id.  The Supreme Court held that "the decision whether to grant or deny injunctive relief rests within the equitable

discretion of the district courts, and that such discretion must be exercised consistent with traditional principles of equity, in patent disputes no less than in other cases governed by such standards." Id. at 1841.

B. Application

DeMonte's assertion that nothing has changed since the Court denied Sundance's prior motion for an injunction is not true. Circumstances have changed significantly. A trial on damages has been held and a money judgment in favor of Sundance has issued. The unknown nature of DeMonte's financial condition also militates in favor of an injunction. An injunction simply enforces the jury's verdict of infringement by enjoining DeMonte from infringing the '109 patent with the Quick Draw system at issue at trial. Sundance is entitled to an injunction and the public interest will be best served by entry of an injunction.

The issue of whether DeMonte's new tarp system is captured by the injunction is another matter. DeMonte is correct that there has been no proceeding determining whether its new system infringes. In Sundance's proposed order, Sundance asks that DeMonte be enjoined from using "any system that is not more than colorably different from the adjudicated Quick Draw system." This is not appropriate. As noted at the hearing, the proper mechanism for Sundance to challenge the infringing nature of the new system is to initiate a contempt proceeding. See Robert L. Harmon, Patent and the Federal Circuit § 16.3 (7th Ed. 2005).

SO ORDERED.

Dated: October 19, 2007        s/Avern Cohn
                               AVERN COHN
                               UNITED STATES DISTRICT JUDGE

**02-73543 Sundance, Inc., et al v. Demonte Fabricating, et al**

**Certificate of Service**

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 19, 2007, by electronic and/or ordinary mail.

                 s/Julie Owens
                 Case Manager, (313) 234-5160