UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDANCE, INC., and
MERLOT TARPAULIN AND SIDEKIT
MFG. CO., INC.,

Plaintiffs,

-vs-

Case No. 02-73543
HON. AVERN COHN

DE MONTE FABRICATING, LTD.,
QUICK DRAW TARPAULIN SYSTEMS,
INC., and WALTER DE MONTE,

Defendants.
_________________________________/

**MEMORANDUM AND ORDER**
**DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES**

**I.**

This is a patent case. The patent-in-suit, U.S. Patent No. 5,026,109 (the '109 patent), covers a Segmented Cover System. As explained in the Abstract:

> The present invention covers a segmented cover system utilizing a series of cover sections, which can be of any size or shape, and a series of curved or straight supporting bows to form a cover assembly which allows for the easy replacement of a cover section or a bow without disassembling the entire cover section.

The commercial embodiment of the '109 patent is a retractable segmented covering system for the top of truck and trailer bodies.

A jury found the '109 patent invalid and infringed by defendants. The Court granted plaintiffs' motion for judgment as a matter of law, setting aside the jury's finding of invalidity, and found the patent valid. On appeal the Federal Circuit, in a decision reported at 550

F.3d 1356 (Fed. Cir. 2008), reversed and found the patent invalid.

Now before the Court is defendants' motion for attorneys' fees "because Plaintiffs and their attorneys knew or should have known of the frivolous nature of the lawsuit at the time of filing the complaint and because they made intentionally misleading and baseless arguments regarding validity of the asserted patent claim throughout the course of the litigation, making the case exceptional under 35 USC 285."

The motion is DENIED. The reasons follow. What is exceptional is the request for attorneys' fees considering the record in the case.

**II.**

The law on what constitutes an "exceptional case" under § 285 is well known and requires no extended discussion. As stated in Robert L. Harmon, *Patents and the Federal Circuit* §17.3 Attorney Fees (8th ed. 2007):

> (a) Determination of Entitlement
>
> From early on, federal courts refused to adopt the English Rule requiring assessment of attorney fees against a losing party. Under the American Rule, the prevailing litigant is ordinarily not entitled to any attorney fees absent statutory authority. A rationale for this rule is that one should not be penalized for litigating. . . . [I]n patent cases, [equitable power to make whole a party] is . . . limited to "exceptional cases," as provided in 35 U.S.C. § 285. Allowance of fees only in exceptional cases is based on the premise that courts should attempt to strike a balance between the interest of the patentee in protecting its statutory rights and the interest of the public in confining such rights to their legal limits.
>
> . . . .
>
> The purpose of § 285 is to provide discretion where it would be grossly unjust that the winner be left to bear the burden of its own counsel fees, which prevailing litigants normally bear. It is intended to reimburse a party that is injured

> when forced to undergo an exceptional case, not the party's attorneys. . . .
>
> . . . . Nor are all successful defendants entitled to attorney fees. The requirement in § 285 of establishing an exceptional case remains a formidable and adequate barrier to unwarranted awards.

As explained in *Delta-X Corp. v. Baker Hughes Production Tools, Inc.*, 984 F.2d 410, 414 (Fed. Cir. 1993):

> For good reasons, this court affords trial judges discretion to award enhanced damages and attorney fees. The trial judge, after presiding over the preparation and trial of the case, can best weigh the relevant considerations, such as the closeness of the case, the tactics of counsel, the flagrant or good faith character of the parties' conduct, and any other factors contributing to imposition of punitive sanctions or fair allocation of the burdens of litigation.

When validity of a patent is at issue, the test for an exceptional case is quite strict:

> Absent misconduct by the patentee in the litigation or in securing the patent, a trial court may only sanction the patentee if the litigation is both brought in subjective bad faith and is objectively baseless. There is a presumption that the assertion of infringement of a duly granted patent is made in good faith. Thus, the underlying improper conduct and the characterization of the case as exceptional must be established by clear and convincing evidence.

Complex Litig. Comm., Am. Coll. of Trial Lawyers, *Anatomy of a Patent Case* 126 ( Fed. Judicial Ctr. 2009).

**III.**

The Federal Circuit's decision is in two (2) parts. In the first part the panel held that defendants' expert who opined that the '109 patent was invalid for obviousness was not qualified to express an opinion because of his lack of expertise in the pertinent art. Peculiarly, while plaintiffs' pretrial objection to this expert's testifying because of his lack of

expertise was denied, no objection was raised at trial to his testifying, and the issue was not raised by either party in the appeal.

In the second part of its decision, reviewing the Court's JMOL *de novo*, the panel held "no [expert] testimony was required because there are no underlying factual issues in dispute as to obviousness." 550 F.3d at 1365. In so stating, the panel quoted *KSR International Co. v. Teleflex, Inc.*, 550 U.S. 398, 427 (2007):

> Where, as here, the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors, summary judgment is appropriate.

The panel combined two (2) references, U.S. Patent No. 3,415,260 issued to Hall covering an Extensible Canopy Structure (Hall), and U.S. Patent No. 4,189,178 issued to Cramaro covering a Tarpaulin Cover System (Cramaro). No useful purpose is to be served by describing in detail how the panel reached the conclusion that the combination of Hall and Cramaro made obvious the limitations of Claim 1 of the '109 patent.[1]

**IV.**

Review of the record in this case establishes the following:

- Suit was filed in this district on September 04, 2002, following a prior suit in the Western District of Pennsylvania which was dismissed for lack of personal jurisdiction. Between the date of filing and October 24, 2007, the date of the Notice of Appeal, the case generated 284 docket entries. The

[1] The panel decision has been described as applying a "strict *KSR* standard to find obviousness, including a further diminished role for objective indicia to rebut *prima facie* obviousness." Hal Wegner's Cited E-mails, Jan. 2009, internetsightings.com/ HAL_2009_01.pdf.

Court entered at least fifteen (15) significant orders in the course of the case as listed in Exhibit A, attached.

- De Monte never moved for summary judgment of invalidity.
- Cramaro was cited as a reference in the ’109 patent. Hall was not.
- Twice during the course of the case defendants asked the Patent Office to reexamine the ’109 patent, raising the question of patentability based on the combination of Cramaro and Hall. Twice patentability was confirmed. *Ex Parte* Reexamination Certificate (5277th); *Ex Parte* Reexamination Certificate (5759th).
- Hall’s method of removing a cover section was distinguished in the interpretation of “independent” in the Decision on Claim Construction.
- At trial De Monte did not assert that a cover section of Hall can be removed independently of the other cover sections. De Monte first argued this in its Reply Brief in the appeal to the Federal Circuit.
- An infringement suit by plaintiffs against Aero Industries, Inc. prior to this case being filed in this Court was resolved by Aero taking a license to practice the ’109 patent.
- The Court in its Memorandum and Order Granting Plaintiffs’ Motion for a Judgment as a Matter of Law or for New Trial distinguished the combination of Cramaro and Hall to arrive at the invention—a segmented tarp with each section independently removable used for a truck cover.

**V.**

The ’109 patent was not only duly granted; it was thrice examined. That the Court

and three (3) patent examiners got it wrong in the view of the Federal Circuit does not make this an exceptional case. The case was a close one. The issue of obviousness, particularly the "independence" of the panels called for by Claim 1 of the '109 patent was vigorously contested at a time before the Supreme Court's decision in *KSR*. There was nothing untoward in the conduct of plaintiffs' counsel. The argument for non-obviousness in the two (2) reexaminations was fairly presented to the Patent Office. Defendants' counsel had ample opportunity to present its view on obviousness to the Patent Office. The Patent Office was not deceived in any way. The Patent Office disagreed with defendants as did the Court. Defendants have given the Court no good reason to look beyond the American Rule requiring each party to bear its own expenses, except for the fact that a panel of the Federal Circuit found the '109 patent to be invalid for obviousness. And as to that finding, in light of the record in the case, the Court is constrained to observe what Justice Jackson said in his concurring opinion in *Brown v. Allen*, 344 U.S. 443, 540 (1953):

> We are not final because we are infallible, but we are infallible only because we are final.

SO ORDERED.

Dated: May 11, 2009

s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 11, 2009, by electronic and/or ordinary mail.

s/ Julie Owens
Case Manager, (313) 234-5160